THE PEOPLE OF THE STATE OF NEW YORK, Complainant, *v.* SOLOMON ARCHINOFSKY, Defendant.*

Court of Special Sessions of the City of New York, Kings County, December 18, 1935.

*William F. X. Geoghan, District Attorney [Vincent J. Ferreri, Assistant District Attorney, of counsel], for the People.*

*A. Albert Solomon, for the defendant.*

WALLING, J.   The information in this case charges the defendant, Solomon Archinofsky, with the crime of " Unlawfully operating a

---

* See, also, *United Traction Co.* v. *Smith* (115 Misc. 73); *People ex rel. Weatherwax* v. *Watt* (Id. 120).

motor vehicle line and route and a vehicle in connection therewith, and a vehicle carrying passengers at the rate of fare of fifteen cents or less for each passenger within the limits of the city of New York, wholly and partly upon and along a street, avenue and public place in said city, without having first obtained a certificate of convenience and necessity therefor duly issued by the transit commission."

The particular sections of the Transportation Corporations Law which defendant is charged with violating are sections 65 and 66 of that act, which read as follows:

" § 65. Additional persons and corporations subject to the public service commission law. Any person or corporation owning or operating a stage, omnibus line or motor vehicle line or route or vehicle described in the next succeeding section of this article wholly or partly upon and along any street, avenue or public place in any city shall be deemed to be a ' common carrier ' as that term is used in the public service commission law, and shall be required to obtain a certificate of convenience and necessity for the operation of the route or vehicles proposed to be operated, and shall be subject to all provisions of such law applicable to common carriers.

" § 66. Consent required. No stage, omnibus line, stage route, motor vehicle line or route, nor any vehicle in connection therewith, and no vehicle carrying passengers at a rate of fare of fifteen cents or less for each passenger within the limits of a city or in competition with another common carrier which is required by law to obtain the consent of the local authorities of such city to operate over the streets thereof shall be operated wholly or partly upon or along any street, avenue or public place in any city, nor shall a certificate of public convenience and necessity be issued therefor, until the owner or owners thereof shall have procured, after public notice and a hearing, the consent of the local authorities of such city, defined by the railroad law, to such operation, upon such terms and conditions as said local authorities may prescribe. Such terms and conditions may include provisions relating to description of route, rate of speed, compensation for wear and tear of pavement, improvements and bridges, and safeguarding passengers and persons using the streets. Operation upon the streets of any such city shall not be permitted until the owner or operator of such vehicles or proposed line or route, if required by such local authorities, shall have executed and delivered a bond to such city in an amount fixed by such local authorities and in form prescribed by the chief law officer of such city, with sureties satisfactory to the chief fiscal officer of such city, which bond may be required to provide adequate security for the prompt payment of any sum accruing to such city, the performance of any other obligations, under the terms and

conditions of such consent, as well as for the payment by such owner of any damagess occurring to, of judgment recovered by, any person on account of the operation of such line, route or vehicles."

It will be noted that section 65 of the Transportation Corporations Law, as above quoted, provides that a " common carrier " is one who is " *as that term is used in the public service commission law.*" (Italics ours.)

Section 66 provides that no vehicle in connection with a " stage, omnibus line, stage route," etc., shall operate " in competition with another common carrier which is required by law to obtain the consent of the local authorities," etc., " *as defined by the railroad law.*" (Italics ours.)

Thus we see that both sections 65 and 66 as above quoted refer to the " Public Service Commission Law " which is now Public Service Law. We turn, therefore, to that law and read it and find section 60 gives the definition of the kind of vehicle to which sections 65 and 66 of the Transportation Corporations Law refer. Section 60 of the Public Service Law (formerly Public Service Commission Law) provides as follows:

" § 60. Application of this article. The provisions of this article shall apply to omnibus lines, omnibus corporations and omnibuses with a carrying capacity of more than seven passengers."

There is no evidence in this case that the defendant was operating an " omnibus with a carrying capacity of more than seven passengers." As a matter of fact he was operating a duly licensed taxicab. The evidence in the case at bar shows that he never carried more than four passengers. We may take notice that a taxicab carries at the most five passengers. Under no circumstances could the defendant be required to apply for a certificate of convenience and necessity for the operation of his taxicab on the streets of the city of New York, in the county of Kings.

It may be that the defendant was operating his taxicab illegally and contrary to the license issued for that vehicle but he is not charged with that in the information before this court.

Assuming, but not conceding, that the *vehicle* operated by the defendant was one that required the defendant to apply for a certificate of convenience and necessity, the new point we will consider is, was he operating a " stage, omnibus line, stage route, motor vehicle line or route * * * *in competition with another common carrier which is required by law to obtain the consent of the local authorities.*" There is not any evidence at all in this case that there was any common carrier operating on Mermaid avenue in the county of Kings, with or without the consent of the local authorities, and along which avenue defendant is charged in the information

with operating his motor vehicle in competition with a common carrier.

Was the defendant even operating " a stage, omnibus line, stage route, motor vehicle line or route, or any vehicle in connection therewith? "

The evidence in this case falls far short of showing his operating such route or vehicle in connection with any motor line. All we have is that the defendant operated his licensed taxi on three consecutive days along Mermaid avenue in the county of Kings, but not always between the same termini. He made a single trip each day in the morning and charged twenty cents for the trip whereas the full fare was forty cents. This single trip each day by one vehicle could not be construed under the widest stretch of the imagination as violating section 66 as above quoted.

The People cite the case of *Public Service Commission* v. *Hurtgan* (91 Misc. 432). That case substantiates this opinion in the view herein stated. Furthermore, the remedy there was by injunction and had nothing to do with a criminal proceeding and we think that was the proper remedy. The proper remedy in the case at bar is also by injunction. Moreover, in the *Hartigan* case the vehicle was admittedly one that carried more than seven passengers, so that the court at no time expressed an opinion as to the size of the vehicle prohibited and nowhere in the opinion is the effect of section 60 of the Public Service Law mentioned. The court, on page 436 in the *Hurtgan* case, writes: " The statute is that to lawfully operate any one of the above six specified lines, routes or vehicles in a city, the consent of the local authorities and the certificate of the Public Service Commission must be first obtained, provided such line, route or vehicles are engaged in the business of carrying passengers for hire in the city." That vehicle did have a carrying capacity of more than seven passengers and came within the prohibition of section 60 of the Public Service Law.

In view of the foregoing, I am of the opinion that the evidence in this case falls far short of that required to convict the defendant of a crime as alleged in the information.

The motion to dismiss the information is granted and the defendant is acquitted.

RAYFIEL, J., concurs; McDONALD, J., dissents, without opinion.