THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LARRY VERRO, Appellant, and HENRY HESS, Defendant.

County Court, Oneida County, March 17, 1937.

Edward A. Wolff, for the appellant.

John J. McGinty, District Attorney [Joseph Page, Assistant District Attorney], for the respondent

HANAGAN, J. The defendants above named were arrested on a warrant charging a violation of ordinance 116 of the city of Rome, N. Y., which provides as follows:

" Section 1. No person, firm or corporation, whether acting as principal, agent or employee, shall operate upon the streets or in the public places of the City of Rome, New York, any motor propelled vehicle for the carriage of persons for hire at a rate of fare $.14 or less for each passenger, without first having procured a certificate of public convenience and necessity for such operation from the Public Service Commission of the State of New York as provided in Section 66 of the Transportation Corporations Law.

" Section 2. Any person, firm or corporation, whether acting as principal or agent, who shall operate upon the streets or public places of the City of Rome, New York, any motor propelled vehicle as described in this ordinance without having procured a certificate of public convenience and necessity as set forth herein shall ·be deemed guilty of a misdemeanor and upon conviction thereof shall be punishable by a fine of not more than $100.00 or by imprisonment for not more than 30 days or by both fine and imprisonment and a conviction as herein set forth shall be sufficient grounds for the revocation by the Common Council of the license which may have been issued to any person, firm or corporation, without return of any part of the license fee paid for such license.

" Section 3. All ordinances or parts of ordinances inconsistent herewith are hereby repealed.

" Section 4. This ordinance shall take effect immediately."

The information alleges that on or about the 28th day of April, 1936, said defendants transported James Rizio, Dominick Pinti, Michael Rizzuto and Joseph Garofalo in a taxicab for hire within

the city of Rome from West Dominick street to Columbus avenue at a rate of fare less than fourteen cents per person. The information further alleges that said taxicab was owned at the time of said violation by the defendant Larry Verro, and operated by the defendant Henry Hess, in the service and employ of said defendant Larry Verro. Both defendants pleaded not guilty.

At the conclusion of the trial in the City Court of Rome, the city judge discharged Henry Hess and found Larry Verro guilty of violating said ordinance and imposed a fine of five dollars.

The defendant Larry Verro has taken an appeal to this court.

The record shows that Larry Verro owns and operates several taxicabs in the city of Rome, and that Henry Hess was one of his drivers; and that on each taxicab was the sign " Larry's Taxi;" that the charge for the use of the cab from point to point within the city of Rome was twenty-five cents for one to four persons. On the night of April 28, 1936, James Rizio, Dominick Pinti, Michael Rizzuto and Joseph Garofalo were at the L. and G. Restaurant in the city of Rome. James Rizio phoned for a taxi. Henry Hess, driving one of the defendant Verro's taxicabs, responded to the call and came to the said restaurant. James Rizio asked the driver, Hess, if he would take himself and his three companions to the corner of Columbus avenue and Dominick street in the city of Rome for twenty-five cents. Hess said that he would do so, and the four entered the taxicab. When in the cab, James Rizio said to his three companions, " Come on, boys, help pay for this." Rizzuto gave him ten cents, Pinti gave five cents and Garofalo gave five cents. Rizio himself furnished five cents. At their destination, Rizio handed these coins, totaling twenty-five cents, to the driver, Hess. There is no evidence of solicitation or cruising.

Assuming that the operation of taxicabs in the city of Rome is governed by this ordinance, there is no violation of the ordinance by the defendant Verro under the facts shown here. The defendant carried James Rizio and his three companions from point to point within the city of Rome for twenty-five cents. The charge is made for the use of the cab. The fact that the twenty-five cents paid by Rizio was made up from contributions from himself and his three companions is immaterial. Passing on a similar situation, the court, in *New York State Railways* v. *Monroe Cab Corp.* (134 Misc. 664) said (at p. 669): " The right to the exclusive use vests in the passenger. If, perchance, the passenger desires to invite one, two or three to accompany him in the use of the cab from the point of hiring to the point of discharge, the defendants will carry them, and the rate is the same, to wit, within the two-

mile circle, the sum of thirty-five cents. The court is unable to agree with the claim of the plaintiff that if this is done it amounts to a charge of eight and three-fourths cents for each passenger, assuming that four occupied the cab, and that the distance was within the two-mile circle. No specific charge in the illustration above quoted is made to the individual passenger in the cab, that he or she pay to the defendant for such service the sum of eight and three-fourths cents for such individual transportation. The charge is made for the use of the cab. It is wholly immaterial whether the four people in the cab make contributions among themselves as to the thirty-five cents to be paid or whether one person pays it entirely."

The next question is whether or not the above ordinance applies to the operation of taxicabs in the city of Rome. This court is of the opinion that it does not apply to taxicabs with a carrying capacity of not more than seven persons, but only to omnibuses and motor vehicles with a carrying capacity of more than seven persons. Notice is taken that seven persons is the carrying capacity of a taxicab. The taxicab involved here has a carrying capacity of five persons. The ordinance refers to section 66 of the Transportation Corporations Law. Sections 65 and 66 of the Transportation Corporations Law refer to the present Public Service Law. Section 60 of the Public Service Law provides:

" § 60. Application of this article. The provisions of this article shall apply to omnibus lines, omnibus corporations and omnibuses with a carrying capacity of more than seven persons."

This section must be read in connection with the above-mentioned sections of the Transportation Corporations Law. The owners and operators of taxicabs with a carrying capacity of not more than seven persons cannot be required to apply for a certificate of convenience and necessity mentioned in section 65 and section 66 of the Transportation Corporations Law for the operation of their taxicabs on the streets of the city of Rome. (*People* v. *Archinofsky*, 157 Misc. 587.)

The plain meaning of the above ordinance is that it shall apply only to vehicles having a carrying capacity of more than seven persons.

Judgment of the City Court of Rome is reversed, the information dismissed, and the defendant discharged.